FRANK H. FREEMAN, Plaintiff, *v.* LOUIS ENGEL, Defendant.

(Supreme Court, Erie Special Term, February, 1918.)

Pleading — allegations of — complaint — demurrer — automobiles — contracts — actions — Personal Property Law.

Nothing in the Personal Property Law forbids a notice of a sale of property retaken by a conditional vendor being given prior to the expiration of the thirty days for redemption provided the time of sale is fixed subsequently thereto.

Where a complaint alleges that defendant sold to plaintiff an automobile upon a conditional contract of sale under which the title was to remain in the vendor until full payment of the purchase price; that on the 7th day of September, 1917, plaintiff was in default in his payments under said contract and that the defendant in the exercise of his rights seized the machine and on the eleventh day of September served notice and advertised the car for sale on the 11th day of October, 1917, to satisfy the unpaid balance due on the purchase price, with interest,

insurance charges and storage, a demurrer to the complaint for legal insufficiency of the allegations to constitute a cause of action will be sustained, and plaintiff's motion for judgment on the pleadings will be denied, and the complaint dismissed, with costs of the motion.

Motion by the plaintiff for judgment on the pleadings.

Bartlett & Roberts, for plaintiff.

Saperston & McNaughton, for defendant.

Wheeler, J.  The complaint alleges that the defendant sold to the plaintiff an automobile upon a conditional contract of sale, by which the title was to remain in the vendor until paid for, according to the terms of the contract; that on the 7th day of September, 1917, the plaintiff was in default in his payments under said contract, and the defendant, in the exercise of his rights, seized the machine, and on the eleventh of September served notice and advertised the car for sale on the 11th day of October, 1917, to satisfy the amount remaining unpaid, with interest, insurance charges and storage.  It is conceded the car was sold on said day, pursuant to said notice.

The plaintiff contends that under the provisions of the Personal Property Law the defendant could not lawfully sell the car at the time stated, but was required to wait full thirty days before giving notice or advertising the property for sale, which would require the vendor to retain the property taken full forty-five days before making a sale to satisfy the vendor's claim; and that, inasmuch as the sale was made prior to the expiration of that time, the plaintiff was entitled to recover the amount paid by him on the contract, for which he sues.

To this complaint the defendant demurred, as insufficient in law to constitute a cause of action.

The plaintiff now moves for judgment on the pleadings, and the question is thus presented as to the proper construction of sections 65 and 66 of the Personal Property Law. These sections read:

" § 65. *Sale of property retaken by vendor.* Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof.

" § 66. *Notice of sale.* Not less than fifteen days before such sale, a printed or written notice shall be served personally upon the vendee, or his successor in interest, if he is within the county where the sale is to be held; and if not within such county, or he cannot be found therein, such notice must be mailed to him at his last known place of residence.

" Such notice shall state:

" 1. The terms of the contract.

" 2. The amount unpaid thereon.

" 3. The amount of expenses of storage.

" 4. The time and place of the sale, unless such amounts are sooner paid."

So far as we are able to ascertain, the question here raised has never been passed on by the courts of this state.

It seems to us, however, that one of the purposes of the statute is to give the purchaser thirty days to redeem the property taken and to forbid a sale prior to the expiration of that time.

The latter part of section 65 reads that " *unless such articles are so sold within thirty days after the expiration of such period, the vendee* " may recover the amount paid on such articles. The words " *expiration of such period* " clearly refer to the expiration of the thirty days given in which to redeem; and the language of the statute saying " unless such articles are so sold within thirty days after the expiration of such period " indicates to my mind that the sale may be made at any time within the thirty days following the expiration of the time of redemption.

If the construction contended for by the plaintiff were to prevail, then inasmuch as fifteen days' notice is required, the sale would have to be made within the last fifteen days of the thirty days following the time for redemption, and instead of the vendor having the right to make the sale at any time within thirty days, he would in law be confined to a sale within fifteen days.

I can find nothing in the statute forbidding notice of sale being given prior to the expiration of the thirty days for redemption, provided the time of sale is fixed subsequently thereto.

Consequently I am of the opinion that the demurrer is well taken, and the plaintiff's motion should be denied, and the plaintiff's complaint be dismissed, with ten dollars costs of this motion.

Ordered accordingly.